Samuel M. Gold, J.
Motions Nos. 137 and 152 are consolidated. 'Commercial Lawyers Conference and National Association of Installment Companies, Inc., membership corporations, have brought separate, but identical, actiops to declare unconstitutional and enjoin the enforcement of the Consumer Protection Law of 1969 of the City of New York and regulation 4 thereof effective November 12, 1970. They have now moved for a preliminary injunction and defendants, the Commissioner of Consumer Affairs, ’the Mayor, and the City of New York, have cross-moved to dismiss the complaints in both actions.
Subdivision b of section 2203d-2.0 of title A of chapter 64 of the Administrative Code of the City of New York (the 'Consumer Protection Law of 1969; Local Laws, 1969, No. 83 of the City of New York) defines the following as an unconscionable trade practice covered by its provisions: ‘ ‘ Any act or practice in connection with the sale, lease, rental or loan or in connection with the offering for sale, lease, rental or loan of any consumer goods or services, or in the extension of consumer credit, or in the collection of consumer debts which unfairly takes advantage of the lack of knowledge, ability, experience or capacity of a consumer ”. Section 2203d-3.0 provides that the Commissioner may adopt such rules and regulations as may be necessary to effectuate the purposes of the law, which “may supplement but shall not be inconsistent with the rules, regulations, and decisions of the Federal Trade Commission and the Federal courts in interpreting the provisions of Section 5 (a) (1), or the Federal Trade Commission Act 15 IT. S. C. 45 (a) (1), or the decisions of the courts interpreting General Business Law § 350 and Uniform 'Commercial Code § 2-302. ’ ’
Regulation 4 was issued after investigation, following receipt of many complaints, of the practice employed by many creditors and creditors’ representatives of pre-judgment communication with the employer of an alleged debtor. Among the Commissioner’s findings were the following: “that communication to consumer-debtors’ employers by alleged creditors is widespread ; that because of the pressure from employers receiving such communications, many debtors pay doubtful debts; that the Association of the Bar of The City of New York has forbidden collection attorneys to engage in the practice * * * that the practice circumvents the procedural protections afforded debtors by the rules of civil practice and the law of *899 income execution * * * that the practice unfairly takes advantage of the ignorance and lack of education of unsophisticated debtors, who do not know of their right to insist upon a trial, their constitutional and statutory right to a hearing’ prior to income execution, and their statutory right not to be discharged as a result of income execution.”
Eegulation 4 provides: ‘ ‘ It shall he an unconscionable trade practice in the collection of a debt arising from the sale of consumer goods or services or the extension of consumer credit, for a creditor or alleged creditor or employee or agent thereof (including a collection agency or collection attorney to whom an account has been referred) to communicate or threaten to communicate with an alleged debtor’s employer prior to obtaining a final judgment against the debtor, except as specifically permitted by statute.”
The regulation, it will be noted, does not prohibit the following practices: requiring a credit applicant to give information concerning his employer and salary; contacting the employer, prior to extending credit, to inquire about an applicant’s employment and salary; demanding payment from debtor by telephoning or writing him at his place of work; serving debtor with a summons at his place of work.
In support of defendants’ cross motion to dismiss, an affidavit has been filed on behalf of the United States Attorney for the Southern District of New York that intensive investigations into consumer collection practices in recent years have revealed that the practice of pre-judgment communication with employers of alleged debtors causes denial of defendants’ day in court and tends to promote fraud and illegal conduct. It is stated therein that no Federal laws either pre-empt or are interfered with by this city law or regulation and, on the contrary, that it will materially assist in eradicating harmful practices as to which effective remedies are now lacking. The Federal Trade Commission has advised that 11 we believe that there are no rules, regulations and decisions of the Federal Trade Commission or the courts interpreting 15 U. S. C. 45 (a) (1) which are inconsistent with Eegulation 4. To the contrary, it is our belief that Eegulation 4 is in the public interest because it gives consumers needed protection against undue harassment.”
The Bar Association’s guidelines on “ Improper Collection Practices ’ ’ provide: ‘ ‘ Once a debt has been referred to an attorney for collection, no communication concerning the debt shall be made to any person or firm other than the debtor or a representative designated by him until and unless a judgment is obtained.”
*900 Regulation 4 was published in the City Record and later in the New York Law Journal, together with a press release" inviting public comment. The Bar Association’s Consumer Affairs Committee submitted a comment stating in part: 11 This practice involves substantial violations of the consumer’s personal privacy and may well lead a debtor to believe that, notwithstanding existing New York law, his job may be jeopardized by future garnishee proceedings. * * * The Regulation seems to us to focus sharply on the most troublesome aspect of this problem and promises to alleviate a genuinely unconscionable practice in the collection of consumer obligations.”
Plaintiffs assert numerous grounds of alleged unconstitutionality, principally that the Consumer Protection Law and regulation 4 conflict with various provisions of State and Federal law. They also claim that regulation 4 is an improper infringement upon plaintiffs’ First Amendment right of free speech. The right of free speech is not absolute. The incidental restriction on freedom of speech involved in regulation 4 is justified by the important governmental interest of preventing such practices as harassment of debtors and loss or threat of loss of employment (see United States v. O’Brien, 391 U. S. 367, 376-377).
With regard to the long list of alleged conflicts with State and Federal laws, analysis establishes that plaintiffs’ contentions are unfounded. Inconsistency with another statute exists only if it permits what is prohibited by the latter or vice versa. Since none of the State and Federal laws cited by plaintiffs regulate the collection of consumer debts, there can be no inconsistency between those laws and this law and regulation. Nor is there any basis for the claim that conflicts exist in that this law and regulation penalize conduct not deemed criminal by the State. A municipality may, under its police power, regulate conduct not previously governed by statute if such conduct affects the welfare of its citizens, so long as it is not inconsistent with State law. Plaintiffs’ allegation that regulation 4 is contrary to the rules and regulations of the Federal Trade 'Commission is wholly unsupported by citation or even specification and the position of the Federal Trade Commission has already been noted. The claim of pre-emption by the Federal Truth-in-Lending Law on the subject of consumer protection is refuted by the provision in that law (IT. S. Code, tit. 15, § 1610) that it does not alter, affect or exempt any creditor from complying with the laws of any State except to the extent that those laws are inconsistent.
*901 Finally, plaintiffs claim deprivation of due process rights with regard to penalties imposable under the law and regulation. However, contrary to their allegations, there is no authority for the Commissioner to impose a fine for an alleged violation. The Commissioner is merely empowered to institute an action for a penalty and/or a civil action for restitution and/or an application to the Supreme Court for an injunction.
The cross motions are accordingly granted and the complaints dismissed.